**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| SALVATORE SANTUCCI | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| MICHAEL GROSS, ALBERT ROSSI, | : | |
| CYNTHIA CASTLE, and MICHAEL | : | |
| COSTELLO | : | NO.  07-373 |

<u>MEMORANDUM AND ORDER</u>

NORMA L. SHAPIRO, S.J.                                    SEPTEMBER 10, 2007

      Plaintiff Salvatore Santucci ("Santucci"), a police officer of the City of Philadelphia, filed

a complaint under 42 U.S.C. § 1983 against defendants Michael Gross, Albert Rossi, Cynthia

Castle, and Michael Costello.  In Count I of his complaint, Santucci claims defendants violated

his free speech rights by retaliating against him for reporting a firearm found in his police wagon.

In Count II, Santucci claims defendants conspired to deprive him of his civil rights.  Defendants

filed a motion to dismiss Santucci's complaint.  The court has federal question jurisdiction under

28 U.S.C. § 1331.  For the following reasons, the motion to dismiss will be denied.

I.        FACTS AND PROCEDURAL HISTORY

      Santucci alleges he discovered a silver plated revolver in his assigned police wagon on

October 23, 2004.[1]  The same day, defendants Sergeant Michael Gross ("Gross") and Lieutenant

Albert Rossi ("Rossi") told Santucci they intentionally placed the gun in the wagon to test

Santucci's integrity.  Later, Gross and Rossi admitted they placed the gun in the police wagon as

a joke, and attempted to persuade Santucci not to report the incident to superiors.  Santucci

refused to withhold the information and reported his discovery of the firearm in a memorandum.

---

[1]For purposes of the motion to dismiss, the court will accept all allegations in Santucci's
complaint as true.  <u>See</u> <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73 (1984).

In response, defendant Michael Costello ("Costello"), then Captain of District 22, informed Santucci he had authorized Gross and Rossi to perform the "integrity check."  Costello also stated that he believed Santucci's reference to a joke was a lie.

After Santucci reported the firearm, superiors reassigned him from police wagon to patrol and shifted him to the midnight tour.  Costello failed to remedy these job changes.  On February 15, 2005, defendant Cynthia Castle gave, and Rossi approved, an annual evaluation rating Santucci "unsatisfactory" in the categories of "Relationships with People" and "Initiative." Santucci requested review of his evaluation, but both Castle and Rossi failed to appear on the scheduled day of review.  All other evaluations, prior to and following Castle's evaluation, rated Santucci "satisfactory" in all categories.  Superiors also imposed disciplinary charges in November 2006.  Santucci reports his employment opportunities, benefits and rights have been diminished, he has sustained economic losses, and he has suffered extreme distress, humiliation, and embarrassment manifesting in physical symptoms such as headaches, sleep interruption, appetite loss, weight changes, irritability, upset stomach, loss of stamina, and use of sick time that otherwise would not have been taken.

Santucci, alleging retaliation for exercising his right to free speech and conspiracy to deprive him of his civil rights, filed a § 1983 complaint against Gross, Rossi, Costello and Castle.  Defendants filed a motion to dismiss under Fed.R.Civ.P. 12(b)(6) for failure to state a claim, and Santucci filed a response in opposition.  The court heard oral argument on the motion.

## II.    DISCUSSION

In reviewing a motion to dismiss under Fed.R.Civ.P. 12(b)(6), the court must accept all allegations in the complaint as true and construe all inferences in the light most favorable to the

plaintiff.  Hishon, 467 U.S. at 73; Evancho v. Fisher, 423 F.3d 347, 350-51 (3d Cir. 2005).  A court may dismiss a complaint only if it is clear no relief could be granted under any set of facts that could be proved consistent with the allegations.  Hishon, 467 U.S. at 73.  The court may review only the facts alleged in the complaint and its attachments.  Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).  The issue is not whether the plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims. Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977).  However, a court need not credit "bald assertions" or "legal conclusions" in a complaint when deciding a motion to dismiss.  Evancho, 423 F.3d at 351; In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1429-30 (3d Cir. 1997).  The defendants bear the burden of showing no claim has been presented.  Hedges v. United States, 404 F.3d 744, 750 (3d Cir. 2005).

A § 1983 claim must allege conduct depriving the victim of a right or privilege secured by the Constitution or laws of the United States.  Freedman v. City of Allentown, 853 F.2d 1111, 1114 (3d Cir. 1988).  No more than notice pleading is required of a plaintiff in § 1983 cases. Abbott v. Latshaw, 164 F.3d 141, 148 (3d Cir. 1998).  Where the conduct alleged could have violated plaintiff's rights, the complaint is sufficient.  Freedman, 853 F.2d 1111.

A.     **First Amendment retaliation claim**

Count I of the complaint alleges defendants retaliated against Santucci for exercising his First Amendment right to speech.  Defendants argue Count I should be dismissed because Santucci did not speak as a citizen when he reported his firearm to superiors, and Santucci's speech did not involved a matter of public concern.  They also argue defendant Castle should be dismissed because Santucci has not shown Castle knew of Santucci's report, and because

3

Castle's performance evaluation was not adverse action.

To state a First Amendment retaliation claim, a plaintiff must allege: (1) the activity in question is protected by the First Amendment; and (2) the protected activity was a substantial factor in the alleged retaliatory action.  Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006).  The first factor is a question of law; the second factor is a question of fact.  Id. Defendants may defeat a plaintiff's claim by showing they would have taken the same action even in the absence of the protected conduct.  Ambrose v. Twp. of Robinson, 303 F.3d 488, 493 (3d Cir. 2002).

The parties dispute whether Santucci's report of the firearm was protected activity. (Compl. ¶ 16.)  A public employee's statement is protected activity when: (1) the employee spoke as a citizen; (2) the statement involved a matter of public concern; and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement.  Garcetti v. Ceballos, 126 S.Ct. 1951, 1958 (2006); Hill, 455 F.3d at 241-42.

When public employees make statements pursuant to their official duties, they do not speak as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline.  Garcetti, 126 S.Ct. at 1960 (calendar deputy who wrote memo addressing proper disposition of pending criminal case did not speak as a citizen). The court makes a practical inquiry into the scope of an employee's duties.  Id. at 1962. "[W]hether a particular incident of speech is made within a particular plaintiff's job duties is a mixed question of fact and law."  Foraker v. Chaffinch, ------ F.3d ------, 2007 WL 2445561 at *9 (3d Cir. Aug. 30, 2007).

4

In <u>Hill</u>, the Court of Appeals considered whether a government employee's claim of retaliation concerned statements made pursuant to his official duties. Plaintiff Hill, a Borough Manager, claimed the mayor retaliated against him for two reasons: Hill reported the mayor's mistreatment of him and his colleagues to the Borough Council, and Hill advocated and supported ideas, principles and projects the mayor disfavored. <u>Hill</u>, 455 F.3d at 239. The district court dismissed Hill's First Amendment claim. <u>Id</u>. at 233. The Court of Appeals found, with respect to Hill's report to the Borough Council, Hill's First Amendment claim failed because he conceded he made the report pursuant to his official duties. <u>Id</u>. at 242. With respect to Hill's advocacy and support for ideas, principles, and projects the mayor disfavored, the Court of Appeals found Hill's First Amendment retaliation claim should not have been dismissed because the complaint did not state Hill was speaking pursuant to his official duties. <u>Id</u>.

The Court of Appeals again considered the issue whether statements were made pursuant to government employees' official duties in <u>Foraker</u>. Police officers claimed their superiors retaliated against them for reporting health and safety conditions at a firing range. <u>Foraker</u>, 2007 WL 22445561 at *1. The Court of Appeals affirmed a grant of judgment as a matter of law against the plaintiffs. <u>Id</u>. The Court noted that, in contrast to <u>Hill</u>, the police officers' claims "were presented in detail at a jury trial, giving both the District Court and this Court comprehensive information from which to answer the question of whether [the police officers] spoke pursuant to their official duties." <u>Id</u>. at *8.

Here, upon defendants' motion to dismiss, <u>Hill</u> is most relevant because Santucci has not yet had an opportunity to present evidence in support of his claims. Santucci's complaint does not indicate that Santucci was speaking pursuant to his official duties when he reported the

firearm in his police wagon.  The court reads the complaint to allege that Santucci was speaking "as a citizen."  Cf. Hill, 455 F.3d at 242; Delaware Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006) (on a 12(b)(6) motion, court examines whether plaintiff may be entitled to relief "under any reasonable reading of the complaint").

Defendants also argue Santucci's speech did not involve a matter of public concern. Whether an employee's speech addresses a matter of public concern is determined by the "content, form, and context of a given statement, as revealed by the whole record."  Hill, 455 F.3d at 242.  In Hill, the Court of Appeals found it could not determine, upon a motion to dismiss, whether Hill's advocacy and support for ideas, principles and projects the mayor disfavored involved a matter of public concern.  Id.  This court reaches the same conclusion with respect to Santucci's retaliation claim.  The motion to dismiss Count I of the complaint as to all defendants is denied.

Defendants have moved to dismiss defendant Castle.  They argue Santucci's speech was not a substantial factor in Castle's 2005 performance evaluation, as Santucci "fail[ed] to show" defendant Castle had knowledge of his report of the firearm.  (Mot. to Dismiss 8.)  Santucci alleges he made his report of the firearm on October 23, 2004, and in his next performance evaluation on February 15, 2005, Castle rated him unsatisfactory in the categories "Relationships With People" and "Initiative."  (Compl. ¶ 13.)  Rossi, who allegedly attempted to dissuade Santucci from filing the report, approved the evaluation.  Id.  Castle failed to appear on the day scheduled for review of the evaluation.  (Compl. ¶ 14.)  Santucci claims the motivation for defendants' actions was his report.  (Compl. ¶¶ 17-18.)  The complaint sufficiently alleges Santucci's speech was a substantial factor in Castle's performance evaluation; the court will not

6

require more on a motion to dismiss.  Defendants' argument is rejected.

Defendants argue Castle's performance evaluation was not adverse action against Santucci because it had no tangible effect upon his employment, and Santucci "is unable to point to any evidence" that the performance evaluation affected his working conditions or employment opportunities.  (Mot. to Dismiss 9.)  This argument contradicts the Court of Appeals' finding in Suppan v. Dadonna, 203 F.3d 228 (3d Cir. 2000).  In Suppan, police officers filed an action under 42 U.S.C. §§ 1983 and 1985(3) claiming defendants violated their civil rights by giving them low promotional rankings in retaliation for their exercise of First Amendment rights.  Id. at 229.  The district court entered summary judgment against the police officers because no causal connection could be shown between the retaliatory ranking and the absence of promotion.  Id. at 232.  The Court of Appeals reversed.  It found that where plaintiffs' complaint alleged a campaign of retaliatory harassment, culminating in retaliatory rankings and resulting in mental anxiety, stress, humiliation, loss of reputation and sleeplessness, a violation of the First Amendment may have occurred at the time of the rankings, and some relief may be appropriate, even if plaintiffs could not prove a causal connection between the rankings and the failure to promote.  Id. at 234; see also Rutan v. Republican Party, 497 U.S. 62, 76 n.8 (First Amendment protects state employees not only from patronage dismissals but also from "an act of retaliation as trivial as failing to hold a birthday party for a public employee . . . when intended to punish her for exercise of her free speech rights").

Santucci claims Castle rated him unsatisfactory in two categories in his annual performance evaluation in retaliation for his speech, and the evaluation adversely affected his promotional opportunities and ability to transfer to specialized units within the police

department.  He also claims he has suffered extreme distress, humiliation, embarrassment,
headaches, sleep interruption, appetite loss, weight changes, irritability, upset stomach, loss of
stamina, and use of sick time.  Under <u>Suppan</u>, even if Castle's performance evaluation did not
directly result in a loss of promotion or other employment opportunities, Santucci may be entitled
to relief.  Defendants' motion to dismiss Castle will be denied.

### B.        Conspiracy claim

Defendants contend Santucci's allegations are insufficient to maintain a § 1983
conspiracy claim.  In order to state a conspiracy claim under § 1983, a plaintiff must allege: (1)
the existence of a conspiracy involving state action; and (2) a deprivation of civil rights in
furtherance of the conspiracy by a party to the conspiracy.  <u>Piskanin v. Hammer</u>, 2005 WL
3071760 at *4 (E.D. Pa. Nov. 14, 2005); <u>Marchese v. Umstead</u>, 110 F.Supp.2d 361, 371 (E.D.
Pa. 2000).  A conspiracy is "a combination of two or more persons to do a criminal act or to do a
lawful act by unlawful means or for an unlawful purpose."  <u>Ammlung v. City of Chester</u>, 494
F.2d 811, 814 (3d Cir. 1974); <u>Piskanin</u>, 2005 WL 3071760 at *4; <u>Marchese</u>, 110 F.Supp.2d at
371; <u>Panayotides v. Rabenold</u>, 35 F.Supp.2d 411, 419 (E.D. Pa. 1999), <u>aff'd</u>, 210 F.3d 358 (3d
Cir. 2000).  A plaintiff must specifically allege "combination, agreement, or understanding
among all or between any of the defendants to plot, plan, or conspire to carry out the alleged
chain of events."  <u>Piskanin</u>, 2005 WL 3071760 at *4; <u>Marchese</u>, 110 F.Supp.2d at 371;
<u>Panayotides</u>, 35 F.Supp.2d at 419.  "Only allegations of conspiracy which are particularized, such
as those addressing the period of the conspiracy, the object of the conspiracy, and certain other
actions of the alleged conspirators taken to achieve that purpose will be deemed sufficient."
<u>Piskanin</u>, 2005 WL 3071760 at *4; <u>Marchese</u>, 110 F.Supp.2d at 371; <u>Outterbridge v.</u>

8

Pennsylvania Dep't of Corrections, 2000 WL 795874 at *3 (E.D. Pa. June 7, 2000).

Santucci alleges Gross, Rossi, Costello and Castle agreed to transfer him from wagon detail and give him a poor annual evaluation because he reported finding a firearm in his police wagon.  (Compl. ¶ 3.)  Applying the liberal pleading requirements under Fed.R.Civ.P. 8, the court finds Santucci has plead facts sufficient to put defendants on notice of: the general period of the conspiracy, from October 2004 through November 2006; the object of the conspiracy, to retaliate against Santucci for reporting the firearm; and the alleged conduct taken in furtherance of the conspiracy, i.e., reassignment from wagon to patrol, placement on midnight tour, unsatisfactory evaluation in two categories, and disciplinary charges.  Defendants' motion to dismiss Count II of Santucci's complaint will be denied.

**III.    CONCLUSION**

Defendants' motion to dismiss will be denied.  An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **SALVATORE SANTUCCI** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL GROSS, ALBERT ROSSI,** | : | |
| **CYNTHIA CASTLE, and MICHAEL** | : | |
| **COSTELLO** | : | **NO.  07-373** |

## <u>ORDER</u>

    **AND NOW**, this 10th day of September, 2007, upon consideration of defendants' motion to dismiss, following a hearing on May 30, 2007, at which counsel for all parties were heard, for the reasons stated in the accompanying memorandum, it is **ORDERED** that the motion to dismiss (paper no. 8) is **DENIED**.

<br>

                                           /s/ Norma L. Shapiro
                                           Norma L. Shapiro, S.J.